IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

[ON REMOVAL FROM THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT, IN AND FOR POLK COUNTY, FLORIDA, CASE NO. 2020-CA-001329]

Civil Action No.:_____

ANGELO PETINGA,

    Plaintiff,

vs.

AXIOS INDUSTRIAL MAINTENANCE
CONTRACTORS, INC. d/b/a AXIOS
INDUSTRIAL GROUP,

    Defendant.
_____/

**DEFENDANT AXIOS INDUSTRIAL MAINTENANCE CONTRACTORS, INC. D/B/A AXIOS INDUSTRIAL GROUP'S NOTICE OF REMOVAL**

Defendant Axios Industrial Maintenance Contractors, Inc. d/b/a Axios Industrial Group ("Axios"), pursuant to 28 U.S.C. § 1331, removes this action from the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida to the United States District Court for the Middle District of Florida, Tampa Division.  Removal is authorized by 28 U.S.C. § 1331, 1441, and 1446.  The procedural requirements for removal have been satisfied.

**THE STATE COURT ACTION**

1.    Plaintiff Angelo Petinga ("Plaintiff") sued Axios on or about April 10, 2020 in the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida.  This action is identified in the Circuit Court of Polk County as *Angelo Petinga v. Axios Industrial Maintenance Contractors, Inc. d/b/a Axios Industrial Group*, Case No. 2020-CA-001329 (the

"State Court Action"). Attached hereto as **Exhibits 1-1**, **1-2**, and **1-3** are true and correct copies of the state court filings with which Axios has been served, consisting of the: (1) complaint and demand for jury trial; (2) state court docket sheet; and (3) all remaining state court documents, including the civil cover sheet, summons, verified return of service, and notice of appearance by Dale Evans on behalf of Axios.

2. Axios was first served with the Summons and Complaint on April 24, 2020. (Ex. 1-3, p. 4.)

3. Axios is the only defendant in the State Court Action. (*See* Ex. 1-1, p. 1.)

4. In the State Court Action, Plaintiff alleges that Axios committed violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"). (Ex. 1-1, pp. 2-3.) In particular, Plaintiff alleges that Axios did not pay him at the applicable overtime rate for hours he allegedly worked over 40 in a workweek. (Ex. 1-1, p. 3.)

5. Plaintiff also alleges in the State Court Action that Axios failed to pay him for hours he allegedly worked before beginning his regular shift, in violation of Chapter 448 of the Florida Statutes. (Ex. 1-1, pp. 3-4.)

6. Finally, Plaintiff alleges that he was discharged from his employment in violation of Florida's Private Whistleblower Act, Fla. Stat. § 448.102. (Ex. 1-1, pp. 4-5.) Plaintiff bases this claim on his alleged "objecti[on] to practices and activities that violate applicable laws, rules, and regulations, including, but not limited to, multiple violations of the Occupational Safety and Health Act of 1970." (Ex. 1-1, p. 4.)

## JURISDICTION AND VENUE

**I.     Removal is Proper Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.**

7.     "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" for a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). As such, a defendant's notice of removal need only include a plausible allegation that the federal forum has original jurisdiction over one of the claims the plaintiff makes. *See id.* (applying the "short and plain statement" standard to removal based on diversity jurisdiction for class actions).

8.     "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

9.     In addition to claims based directly on federal causes of action, the federal courts also have original jurisdiction over "state-law claims that implicate significant federal issues." *See Grable & Sons Metal Prods., Inc. v. Darue Engr'g & Mfg.*, 545 U.S. 308, 312 (2005) (citing *Hopkins v. Walker*, 244 U.S. 486, 490-91 (1917)).

10.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

11.     Because Plaintiff seeks relief pursuant to the FLSA, which constitutes a law of the United States, removal of the State Court Action is proper pursuant to 28 U.S.C. §§ 1331 and 1441(a).

12. Likewise, Plaintiff's claim under the Florida Private Whistleblower Act is dependent upon whether Axios committed actual violations of the Occupational Safety and Health Act of 1970 (the "OSH Act"). *See*, *e.g.*, *Graddy v. Wal-Mart Stores East, LP*, 237 F. Supp. 3d 1223, 1227-28 (M.D. Fla. 2017) (predicting that the Florida Supreme Court would require an actual violation of law for protection under the Florida Private Whistleblower Act). The determination of whether any violation of the OSH Act implicates significant federal issues that confer this Court with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).

13. Venue before this Court is proper under 28 U.S.C. §§ 1331 and 1441(a) because the Middle District of Florida, Tampa Division, embraces the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida, where the State Court Action was originally commenced.

**II.    Axios has Complied with the Procedural Requirements for Removal.**

14. Axios filed this Notice within 30 days of the date Axios received a copy of the Complaint, through service or otherwise. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

15. In addition, Axios has attached a copy of its Rule 7.1 Disclosure Statement as **Exhibit 1-5** and will file the Rule 7.1 Disclosure Statement as a separate document once a case number is assigned to this lawsuit.

16. Pursuant to 28 U.S.C. § 1446(d), Axios will promptly provide written notice of the filing of this notice. A copy of this notice will be filed with the Clerk of the Circuit Court of Polk County as required by 28 U.S.C. § 1446(d) and served on Plaintiff's counsel.

17. Under 28 U.S.C. § 1446(a), the following constitute all the process, pleadings, and orders received by Axios in the State Court Action: (1) complaint and demand for jury trial; (2) state court docket sheet; and (3) all remaining state court documents, including the civil cover sheet, summons, verified return of service, and notice of appearance by Dale Evans on behalf of Axios. (*See* Exs. 1-1, 1-2, and 1-3.)

18. If any questions arise as to the adequacy or propriety of the removal of the State Court Action, Axios requests the opportunity to supplement this notice with evidence and/or to brief any disputed issues and present oral argument in support of this removal.

19. Axios reserves all objections it may have to service, personal jurisdiction, or any other defenses or objections it may have to the Complaint or State Court Action.

20. Axios intends no admission of fact, law, or liability by this notice.

For the reasons set forth above, Defendant Axios Industrial Maintenance Contractors, Inc. d/b/a Axios Industrial Group removes this case from the Circuit Court of the Tenth Judicial District, in and for Polk County, Florida to the United States District Court for the Middle District of Florida, Tampa Division.

Dated: May 21, 2020

Respectfully submitted,

*/s/ Dale A. Evans Jr.*
Dale A. Evans Jr.
Florida Bar No. 98496
**LOCKE LORD LLP**
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL 33401
Telephone: (561) 833-7700
Facsimile: (561) 655-8719
dale.evans@lockelord.com

*Counsel for Defendant Axios Industrial Maintenance Contractors, Inc. d/b/a Axios Industrial Group*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2020, I presented the foregoing Notice of Removal to the Clerk of Court for filing and uploading to the CM/ECF system. I further certify that I will serve a copy of the foregoing via electronic mail and U.S. Mail to:

Hunter A. Higdon, Esq.
Wolfgang M. Florin, Esq.
Christopher D. Gray, Esq.
Florin Gray Bouzas Owens, LLC
16524 Pointe Village Drive, Ste. 100
Lutz, FL 33558
hhigdon@fgbolaw.com
daniela@fgbolaw.com
e-filing@fgbolaw.com
wolfgang@fgbolaw.com
chris@fgbolaw.com

*Counsel for Plaintiff Angelo Petinga*

*/s/ Dale A. Evans Jr.*
Dale A. Evans Jr.
Florida Bar No.: 98496

82924463